IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SAUNDERS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1618 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JANINE DONATE, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Petitioner Aaron Saunders, an inmate presently confined at the Lackawanna County Prison, Scranton, Pennsylvania, commenced this action by filing a document entitled "Writ of Habeas Corpus." (Doc. 1.) Petitioner also has filed a Motion for leave to proceed *in forma pauperis*. (Doc. 3.)

Petitioner does not state whether he seeks relief pursuant to the provisions of 28 U.S.C. § 2241 or § 2254. Inasmuch as he currently is confined in the Lackawanna County Prison, where both state and federal prisoners are held, it is unclear whether Petitioner is in custody under the authority of the United States, and thus seeks to proceed under § 2241, *see* 28 U.S.C. § 2241(c)(1), or is in custody pursuant to the judgment of a State court, and thus seeks to proceed under § 2254, *see* 28 U.S.C. § 2254(a).

Moreover, the Petition does not fully comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Specifically, the Petition does not specify the grounds for relief, state the facts supporting each ground, or state the relief requested. Even if Petitioner seeks to proceed

under § 2241, the Rules Governing Section 2254 Cases still apply.  *See* R. GOVERNING § 2254 CASES R.1(b) (establishing that a "district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)"); *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Because the Petition does not comply with the Rules, it is not possible for the Court to properly screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Accordingly, the Petition will be returned to Petitioner along with one (1) blank form for filing a petition under 28 U.S.C. § 2241 and one (1) blank form for filing a petition under 28 U.S.C. § 2254.  Petitioner will be directed to file an amended petition on the appropriate form within fifteen (15) days from the date of this Order.

**NOW, THEREFORE, THIS 8th DAY OF SEPTEMBER, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Clerk of Court shall send a copy of the Petition for Writ of Habeas Corpus (Doc. 1), a copy of this Order, one (1) blank form for filing a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus, and one (1) blank form for filing a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, to Petitioner pursuant to R. GOVERNING § 2254 CASES R.2, which allows the clerk to return an insufficient petition to the petitioner.  *See* R. GOVERNING § 2254 CASES R.2, Advisory Committee Notes.

2. The Clerk of Court shall retain the original Petition for Writ of Habeas Corpus (Doc. 1) in the docket in the above-captioned case.  *See id.* ("If

the prisoner files another petition, the clerk will be in a better position to determine the sufficiency of the new petition.")

3. Within fifteen (15) days from the date of this Order, Petitioner shall file an amended Petition for Writ of Habeas Corpus on the appropriate form. The amended Petition must comply with the requirements of R. GOVERNING § 2254 CASES R.2(c), which states as follows:

**(c) Form.** The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge
