IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SAUNDERS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1618 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JANINE DONATE, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

Petitioner Aaron Saunders, an inmate confined at the Lackawanna County Prison in Scranton, Pennsylvania, commenced this *pro se* action by filing a petition for writ of habeas corpus. (Doc. 1.) Because it was unclear from Saunders' petition whether he sought to proceed under 28 U.S.C. § 2241 or § 2254, by Order dated September 8, 2008, Saunders was directed to file an amended petition on the appropriate form complying with the requirements of R. Governing § 2254 Cases R.2(c). (Doc. 4.)

On September 23, 2008, Saunders filed an Amended Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docs. 6, 7.) The Amended Petition currently is before the Court for screening. For the reasons set forth below, the Amended Petition will be summarily dismissed without requiring a response from Respondent.

## BACKGROUND

Saunders' Amended Petition consists of two documents. The first document is a form petition under 28 U.S.C. § 2241 in which he states that he is not serving a sentence, but rather is confined at the Lackawanna County Prison pursuant to an indictment filed at Criminal No. 3:CR-07-341. (*See* Doc. 6 at 2-3.) The second document is entitled "Motion

to Amend Habeas Corpus" and provides background information regarding Saunders' indictment and states the grounds upon which he seeks habeas corpus relief.  (*See* Doc. 7.)  The following background is gleaned from Saunders' filings (Docs. 6, 7) and from a review of the docket in *United States v. Adolphie*, *et al,* Criminal No. 3:CR-07-341-JMM-3.

On September 4, 2007, a grand jury indicted multiple Defendants, including Saunders, for drug-related crimes.  (*See* Criminal No. 3:CR-07-341-JMM-3, Doc. 1.)  The charges against Saunders include: Count 1: conspiracy to distribute and possession with intent to distribute cocaine base (crack), heroin and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Count 2, distribution and possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2; and Count 7, distribution and possession with intent to distribute heroin and in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B) and 18 U.S.C. § 2.  (*See id.*, Doc. 1, Doc. 222.)  A jury trial is scheduled to commence on December 8, 2008.  (*See id.*, Doc. 295.)

The grounds Saunders raises in his Amended Petition may be summarized as follows:

(1) he is being illegally held because he did not commit the acts for which he was indicted (Doc. 7 at 1-2);

(2) he is being wrongfully detained in pretrial custody pursuant to 18 U.S.C. § 3142(e) (*id.* at 3-5);

(3) he has not been afforded a speedy trial in violation of his right under 18 U.S.C. § 3161 (*id.* at 5-9);

(4) his case has not been severed from the other Defendants pursuant to Fed. R. Crim. P. 8(b) (*id.* at 6-7);

(5) his Sixth Amendment right to counsel has been violated by his court-appointed counsel and by the Court (*id.* at 10);

(6) the allegations in the indictment are not specific enough to convict him (*id.* at 11-12);

(7) his Fourth Amendment right against illegal search and seizure was violated during the May 4, 2007 traffic stop (*id.* at 13); and

(8) his Fifth Amendment right to due process was violated because he was incarcerated without a hearing (*id.*).

## DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court has jurisdiction to issue a writ of habeas corpus as to a petitioner who has not yet been convicted and is being detained prior to trial.  28 U.S.C. §2241(c)(1).[1]

---

[1] 28 U.S.C. § 2241(c)(1) states:
  (c) the writ of habeas corpus shall not extend to a prisoner unless-
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.

3

To state a claim for relief, a petitioner must allege that his detention violates the Constitution or a federal statute.  28 U.S.C. § 2241(c).  Moreover, merely because a District Court has jurisdiction to entertain a petition filed under 28 U.S.C. § 2241 by a petitioner who has not yet been convicted does not mean that the petitioner is seeking an appropriate pretrial remedy.  *See Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3d Cir. 2008).  In *Whitmer*, the United States Court of Appeals for the Third Circuit held that, "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b),(c), and not a habeas corpus petition."  *Id.*  The *Whitmer* Court found that the petitioner in that case was not entitled to habeas corpus relief because he had adequate remedies available to him in his pending criminal case.  *Id.* (citing *Government of the Virgin Islands v. Balones*, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam) ("Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus."))

     In this case, adequate remedies are available to petitioner, and in fact, most of the issues he raises already have been presented to the trial court by counsel on his behalf through pretrial motions.  The trial court has decided no less than thirteen (13) pretrial motions filed by Saunders, including motions to dismiss the indictment, for a bill of particulars, and to sever his trial from his co-defendants' trial, all of which were analyzed and ultimately denied in a Memorandum and Order issued on April 28, 2008.  (*See* Criminal No. 3:CR-07-341-JMM-3, Doc. 222.)  The docket reflects that Saunders did not

appeal the April 28, 2008 Order to the United States Court of Appeals for the Third Circuit.

More recently, the trial court conducted a hearing on Saunders' Motion for Release from Custody pursuant to Rule 46 and 18 U.S.C. § 3142(e).  (*See id.,* Doc. 264.)  Following the September 17, 2008 hearing, the Court denied the Motion by Order of the same date.  (*See id.*, Doc. 287.)  On September 18, 2008, Saunders filed an appeal from the Order to the United States Court of Appeals for the Third Circuit, and thus he has not yet finished pursuing the remedies available to him in his criminal case.

Finally, Saunders' claim that he has not been afforded a speedy trial appears to be moot in light of the fact that trial is set to commence on December 8, 2008.  (*See* Criminal No. 3:CR-07-341-JMM-3, Doc. 295.)  Even if the issue were not moot, the issue as to whether a delay in bringing defendants to trial has been so long and prejudicial that it denies them the right to a speedy trial is to be decided in the first instance by the trial court on an appropriate pretrial motion.  *See Balones*, 427 F.2d at 1136.

For the foregoing reasons, Saunders is not entitled to habeas corpus relief, and the Amended Petition (Docs. 6, 7) will be dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases in the United States District Courts.

An appropriate Order follows.


November 5, 2008                         s/ A. Richard Caputo
                                                 A. RICHARD CAPUTO
                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SAUNDERS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1618 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JANINE DONATE, | : | |
| | : | |
| Respondent. | : | |

## ORDER

**AND NOW, THIS 5th DAY OF NOVEMBER, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED.**

2. The Amended Petition for writ of habeas corpus (Docs. 6, 7) is **DISMISSED**.

3. Petitioner's Motion to appoint counsel (Doc. 5) is **DENIED** as moot.

4. The Clerk of Court is directed to close this case.

5. There is no basis for the issuance of a certificate of appealability.

                                          s/ A. Richard Caputo
                                          A. RICHARD CAPUTO
                                          United States District Judge